JOHN G. BENEDICT AND FRANK PCHOLA, APPELLANTS,
v. NEW JERSEY DEPARTMENT OF CIVIL SERVICE AND
JERSEY CITY BOARD OF EDUCATION, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 3, 1964—Decided April 27, 1964.

Before Judges GAULKIN, FOLEY and LEWIS.

*Mr. Maurice B. McLaughlin* argued the cause for appellants.

*Miss Marilyn Loftus,* Deputy Attorney General, argued the cause for New Jersey Department of Civil Service (*Mr. Arthur J. Sills,* Attorney General, attorney; *Mr. William L. Boyan,* on the brief).

*Mr. Michael R. Perrella* argued the cause for Jersey City Board of Education.

The opinion of the court was delivered by

GAULKIN, S. J. A. D.   Benedict and Pchola were hired as "Supervisors" by the Jersey City Board of Education (hereafter board) on July 10, 1958, each for a one-year term.   On November 4, 1958, pursuant to a petition filed September 18, 1958, the school district adopted the provisions of the Civil Service Act.

As holders of fixed terms, appellants would not have had tenure, under *N. J. S. A.* 11 :21–6, upon the adoption of civil service. *Mensone v. N. J. Department of Civil Service,* 30 *N. J. Super.* 218 (*App. Div.* 1954) ; *Twp. of Woodbridge v. Civil Service Commission,* 4 *N. J. Super.* 111 (*App. Div.* 1949). Appellants say that, for the express purpose of giving

them tenure, the board had them sign letters of resignation on October 29, 1958, effective October 31, 1958, and on the latter date the board accepted the resignations and immediately reappointed them to the same positions at the same salaries, but without a fixed term.

After civil service was adopted, the board reported to the Department of Civil Service that appellants were employees without fixed terms, and the Department so recorded their status. Appellants' positions are in the competitive class. Appellants continued to perform their duties without interruption and, in 1960 and 1961, they received salary increases.

In 1962 the board advised the Department of the above stated facts. Appellants claim the board did so because they had backed the "wrong" candidate for mayor in the 1962 Jersey City election. The Department ruled that, since the resignation and reappointment took place between the time of the filing of the petition and the referendum, appellants were not "blanketed in" by *N. J. S. A.* 11:21–6, which expressly excepts those who "may be appointed between the time of the filing of the petition for the adoption * * * and the holding of the referendum for the adoption * * *." The board then discharged appellants.

Appellants appealed to the Civil Service Commission, requesting a hearing, but the Commission declared a hearing was unnecessary, and refused to change the ruling that appellants had not been "blanketed in." Hence this appeal.

Appellants say that, had they been afforded such a hearing, they would have proved that they were discharged for political reasons. But such proof would do them no good if in fact they had not been "blanketed in."

Appellants concede that, if what happened on October 31, 1958 be deemed new appointments, they obtained no tenure, because of the exclusion in *N. J. S. A.* 11:21–6. However, they contend that on said date they were not really appointed; that what happened, in reality, was merely a change in the period of their existing appointments, as in *Mara v. Township of Parsippany-Troy Hills,* 24 *N. J.* 113 (1957). At worst,

appellants say, they were "re-appointed" and not "appointed." They argue that only those "appointed" are excepted from the benefits of *N. J. S. A.* 11:21–6 and that the language should not be extended to reappointments.

In our judgment, the question narrows down to whether a change from a fixed to an indefinite term may be made between the time of the filing of a petition and the resulting referendum in order to give an employee tenure.

We think not. *Mara* does not answer the question because in that case the change in Mara's term of employment was made before the adoption of the exception in *N. J. S. A.* 11:21–6. We think it is not consistent with the policy of *N. J. S. A.* 11:21–6 to permit such a change. *Cf. Hammonton v. Civil Service Commission of the State of New Jersey,* 82 *N. J. Super.* 64 (*App. Div.* 1964), certification denied 42 *N. J.* 140 (April 13, 1964) ; *Weaver v. Township of North Bergen,* 10 *N. J. Super.* 96 (*App. Div.* 1950), appeal dismissed as out of time 6 *N. J.* 475 (1951) ; *Grunewald v. Township Committee of Weehawken Tp.,* 18 *N. J. Super.* 401 (*App. Div.* 1952), certif. denied 10 *N. J.* 145 (1952).

Appellants seem to argue also that they were deceived into signing the resignations. If so, and the resignations were set aside for that reason, appellants still would not have been "blanketed in" and still would not have tenure. *Mensone, supra; Woodbridge, supra.*

For the foregoing reasons, no purpose would have been served by a hearing before the Civil Service Commission, and the Commission was therefore justified in refusing one. *Bingham v. Dept. of Civil Service,* 77 *N. J. Super.* 459 (*App. Div.* 1962), affirmed 40 *N. J.* 330 (1963).

Affirmed.